IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| INTEGRATED GLOBAL SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) Civil Action No. 3:20-cv-489-MOC-DCK |
| CORMETECH, INC., | )<br>) |
| Defendant. | )<br>) |

## CONSENT MOTION TO EXTEND TIME TO SERVE COMPLAINT

Pursuant to Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A), Plaintiff Integrated Global Services, Inc. ("IGS") respectfully moves this Court for an Order extending the deadline for IGS to serve its Summons and Complaint in this action by thirty (30) days, through and including January 4, 2021. In support of its motion, IGS shows unto the Court as follows:

1. IGS filed its Complaint against Cormetech, Inc. ("Cormetech") in this action on September 4, 2020. (Doc. 1). Pursuant to Federal Rule of Civil Procedure 4(m), the current deadline for IGS to formally serve Cormetech with the Summons and Complaint is December 3, 2020. Thus, the time limit for service has not yet expired.

2. On September 4, 2020, IGS CEO, Rich Crawford contacted Cormetech President and CEO, Mike Mattes and advised Cormetech of the Complaint in this action. IGS also provided Cormetech with a courtesy copy of the Complaint on the same day.

3. The parties thereafter engaged in settlement negotiations in a good faith effort to resolve this matter prior to protracted litigation. The parties' settlement negotiations are ongoing.

4. "Both Rule 4(m) and Rule 6(b) allow the district court discretion to extend the time for service." *Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC*, No. 3:14-CV-00307-MOC, 2015 WL 1893839, at *2–3 (W.D.N.C. Apr. 27, 2015) (quoting *Mendez v. Elliot,* 45 F.3d 75, 79

1

(4th Cir.1995)).

5. Under Rule 6(b)(1)(A), a court may "for good cause" extend time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed R. Civ Pro. 6(b)(1)(A). Motions under Rule 6(b)(1)(A) are liberally granted. *See, e.g., Campbell Sales Grp., Inc. v. Marx*, No. 1:10CV55, 2012 WL 12893030, at *2 (M.D.N.C. Sept. 28, 2012) ("F.R.C.P. 6(b)(1) requires the party seeking an enlargement of time simply to 'demonstrate some justification for the issuance of the order.'" (internal citations omitted)); *Peche v. Keller,* 1:11-CV-362, 2012 WL 2128095, at *6 (M.D.N.C. June 12, 2012) ("[C]ourts have described the 'good cause' standard as 'non-rigorous,' 'liberal,' and 'not ... particularly demanding.'" (citations omitted)). An application for extension of time made prior to the expiration of the original deadline "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4d ed.2020).

6. Under Rule 4(m), where a plaintiff demonstrates "good cause" for failing to timely serve a defendant, the Court "must extend the time for service for an appropriate period." *Neighbor v. JP Morgan Chase Bank, N.A.*, No. 1:18-CV-356-MOC-WCM, 2019 WL 5550076, at *2 (W.D.N.C. Oct. 25, 2019). But "even if there is no good cause shown," "[district] courts have been accorded discretion to enlarge" the period for service. *Id*. (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Courts have identified several non-exhaustive factors that guide the discretionary decision of whether to enlarge the service period, including (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, and (vi) whether time has previously been extended." *Neighbor* at *2.

7. These factors weigh in favor of an extension of the service deadline here. IGS has delayed formal service on Cormetech because the parties are actively engaged in good faith settlement negotiations, which courts regularly deem good cause to extend the time limit for service of process. *See e.g. Cane Creek Cycling Components, Inc. v. Tien Hsin Indus. Co.*, No. 1:07-CV-133, 2007 WL 3028321, at *8 (W.D.N.C. Oct. 15, 2007) ("Rather than find plaintiff's attempts to resolve this action insufficient, this court commends them and finds that in these particular circumstances, they constitute very good cause for allowing an extension of time to serve the summons."); *Vantage, Inc. v. Vantage Travel Serv., Inc.*, No. 6:08-2765-HMH, 2009 WL 735893, at *4 (D.S.C. Mar. 20, 2009) (finding good cause to warrant extension for service of process where parties had been engaged in settlement negotiations).

8. IGS informed Cormetech of this lawsuit by email the day it was filed, and Cormetech will not be prejudiced by an extension of the service deadline.

9. IGS is moving for this extension prior to the current December 3, 2020, service deadline, which has not previously been extended. The brief extension requested would have minimal, if any, impacts on the proceedings in this action.

10. IGS consulted with Cormetech on December 1, 2020, and Cormetech indicated that it consents to this Motion.

11. Accordingly, IGS submits that good cause exists here to extend the time for service of the Summons and Complaint through and including January 4, 2021, pursuant to either Rule 4(m) or Rule 6(b)(1)(A).

WHEREFORE, IGS respectfully requests that the Court extend the time for it to serve Cormetech with the Summons and Complaint by thirty (30) days, through and including January 4, 2021.

Respectfully submitted on December 2, 2020.

/s/ C. Bailey King, Jr.
C. Bailey King, Jr.
N.C. Bar No. 34043
J. Douglas Grimes
N.C. State Bar No. 32699
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Tel.: (704) 338-6000
Fax: (704) 332-8858
E-mail: bking@bradley.com
dgrimes@bradley.com

*Attorneys for Plaintiff Integrated Global Services, Inc.*

OF COUNSEL:

Aaron L. Parker
Anthony J. Berlenbach
FINNEGAN, HENDERSON, FARABOW,
　GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000
aaron.parker@finnegan.com
anthony.berlenbach@finnegan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2020, I electronically filed the foregoing **CONSENT MOTION TO EXTEND TIME TO SERVE COMPLAINT** with the Clerk of Court using the CM/ECF system, and served same via U.S. First Class Mail on Defendant at the following address:

>CORMETECH, INC.
>c/o CT Corporation System, Registered Agent
>160 Mine Lake Ct., Suite 200
>Raleigh, NC 27615

This the 2nd day of December, 2020.

>*/s/ C. Bailey King, Jr.*
>C. Bailey King, Jr.
>*Attorneys for Plaintiff Integrated*
>*Global Services, Inc.*